MARSHALL S. P. LAWS *vs.* WILLIAM L. BURT & others.

Suffolk.    March 18. — July 10, 1880.    AMES & LORD, JJ., absent.

The U. S. St. of March 1, 1847, § 2, which provides that "moneys taken from the mails" by theft or robbery, which come into the possession of any of the agents of the post-office department, shall be paid to the order of the Postmaster General, for the benefit of the rightful owner, applies to the proceeds of such moneys; and this court will not entertain a bill in equity brought by a person who had stolen money from the mails against a postmaster, to enforce a trust deed executed by the thief, by which he conveyed to the defendant the proceeds of such moneys, in trust to pay claims arising out of the theft, and to return the balance to the plaintiff.

MORTON, J.    This is a bill in equity brought to enforce the trusts declared in a deed from the plaintiff to the defendant Burt, dated February 5, 1872. By this deed, the plaintiff conveys to Burt certain real estate in Boston and certain personal property, being principally deposits in several savings banks in Boston, upon the trusts that Burt shall apply the proceeds to pay all claims growing out of money and property stolen by the plaintiff from letters in the Boston post-office, and return any balance remaining to the grantor.

At the date of this transaction, the U. S. St. of March 1, 1847, was in force, which provides, in § 2, that "all moneys taken from the mails of the United States by robbery, theft or otherwise, which have come, or may hereafter come, into the possession or custody of any of the agents of the post-office department, or any other officers of the United States, or any other person or persons whatever, shall be paid to the order of the Postmaster General, to be kept by him as other moneys of the post-office

department, to and for the use and benefit of the rightful owner, to be paid whenever satisfactory proof thereof shall be made; and upon the failure of any person in the employment of the United States to pay over such moneys when demanded, the person so refusing shall be subject to the penalties prescribed by law against defaulting officers."

These provisions were substantially reënacted in the U. S. St. of June 8, 1872, and in the Revised Statutes of the United States.    U. S. Rev. Sts. §§ 4050–4058.

By these provisions, the Postmaster General has the exclusive right to the custody of money or other property stolen from the mails and which comes into the possession of any officer of the United States or other person, and the exclusive jurisdiction to determine who are the rightful owners and to distribute it among them.    No court and no individual by an agreement with the thief can take away this right or defeat this jurisdiction.

In the case at bar, it appeared at the hearing that the whole of the property transferred to Burt was the proceeds of money and property stolen by the plaintiff from the mails; and that at the time of the transfer Burt was the postmaster of Boston.

The plaintiff contends that the statutes do not apply, because the property which came to the possession of the defendant was not the identical money or property stolen from the mails. But we think this is too narrow a construction of the statute; and that it was intended to apply, at least in a case like this, where the stolen money can be traced, and in a changed form has come to the possession of an officer of the United States. Whether it has a more extensive application it is not necessary to inquire.

It could not reasonably be contended that, if the thief had deposited the stolen money in a bank, and then upon detection had given his check to the postmaster for the amount, the statute would not apply because the postmaster could not receive the identical bills or coin deposited.    We have no doubt that the statutes intend that, when the amount stolen, in the same or a different form, comes into the possession of an officer of the United States, by a voluntary or involuntary restitution, the jurisdiction of the Postmaster General shall attach to it.    This is clearly recognized in § 4058 of the Revised Statutes of the

United States, which provides that, "whenever the Postmaster General is satisfied that money or property stolen from the mail, or the proceeds thereof, has been received at the department, he may, upon satisfactory evidence as to the owner, deliver the same to him."

We are of opinion, that the statute applies to this case; and that, when the property named in the plaintiff's deed was transferred to and came to the possession of the defendant Burt, the jurisdiction of the Postmaster General attached. It became the duty of the defendant to pay it over to, or to hold it subject to, the order of the Postmaster General. The defendant could not legally make any contract with the thief, which would defeat that jurisdiction, or relieve him of the duty imposed by statute. The trusts which the parties attempted to create were therefore illegal and void, and cannot be enforced. The defendant Burt holds the property upon the trusts imposed and created by the law. He has no right to determine who is entitled to the property, nor can this court determine that fact, which is within the exclusive jurisdiction of the Postmaster General.

For these reasons, this bill cannot be maintained; and it is not necessary to consider the question how far in any event a court of equity could be invoked to aid a thief to regain the possession of stolen property with which he had parted.

*Bill dismissed.*

*J. Fox*, for the plaintiff.

*J. E. Avery*, for a claimant of part of the fund.

*G. P. Sanger*, United States District Attorney, in support of a motion to dismiss the bill.